UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 14 B 34232 |
| CONCEPTS AMERICA, INC., | ) | |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| | ) | |
| ROGER A. GREENFIELD, RESTAURANTS-AMERICA CONSULTING GROUP, INC., RESTAURANTS-AMERICA TRADEMARK, INC., CONCEPTS RESTAURANT HOLDING LLC, CONCEPTS RESTAURANT MANAGEMENT LLC, TAPSMITH MANAGEMENT, INC., HOPWORKS MANAGEMENT, INC., ROSEMONT RESTAURANT, LLC, 1645 W. JACKSON, INC., PRIME BAR AMERICA, LLC, PRIME BAR CHICAGO, LLC, PRIME BAR TAMPA, LLC and 1840 PICKWICK, LLC, | ) ) ) ) ) ) ) ) ) ) ) | Adv. 19 A 23 |
| Plaintiffs, | ) | |
| | ) | Judge David D. Cleary |
| v. | ) | |
| | ) | |
| R. KYMN HARP and ROBBINS, SALOMON & PATT, LTD., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter comes before the court on the motion of R. Kymn Harp and Robbins, Salomon & Patt, Ltd. ("Defendants" or "RSP Defendants") to dismiss the legal malpractice action filed by Roger Greenfield and entities in which he holds an interest (the "Greenfield Entities" and with Roger Greenfield, "Plaintiffs"). Plaintiffs seek a finding that they had an attorney/client relationship with RSP Defendants, RSP Defendants owed them a duty of care,

and RSP Defendants breached that duty. Plaintiffs allege that as a direct result of those breaches of RSP Defendants' duty, they sustained damages.

Having reviewed the complaint and the memoranda filed in support of and in response to the motion to dismiss, the court denies the motion. Plaintiffs shall amend the complaint as described below.

## I. BACKGROUND FACTS

In resolving a motion to dismiss, the court considers well-pleaded facts and the reasonable inferences drawn from them in the light most favorable to the plaintiff. *Reger Dev., LLC v. National City Bank*, 592 F. 3rd 759, 763 (7th Cir.), *cert. denied*, 561 U.S. 1026 (2010). For purposes of deciding this motion, the court accepts the following well-pleaded facts as true:

Roger Greenfield is an individual who has had national success in opening, operating and maintaining restaurants and in providing restaurant consulting services. (Amended Complaint, EOD 60 at ¶¶ 1 and 6). The Greenfield Entities are companies in which Greenfield holds an interest either directly or indirectly. (Amended Complaint at ¶ 2).

R. Kymn Harp is an attorney employed by and acting on behalf of Robbins, Salomon & Patt, Ltd. (Amended Complaint at ¶¶ 3 – 5).

Plaintiffs retained RSP Defendants to advise Greenfield, individually, and the Greenfield Entities regarding corporate structure, creditors and leases, as well as litigation matters. (Amended Complaint at ¶ 7). The firm litigated on behalf of Greenfield from 2012 through 2014 and advised him on individual liability. (Amended Complaint at ¶¶ 7 – 8).

Concepts America, Inc. ("Concepts"), a holding company for many of the Greenfield Entities, was the guarantor on many of their restaurant leases. (Amended Complaint at ¶ 10).

An involuntary petition was filed against Concepts on September 19, 2014. *In re Concepts America, Inc.*, Case No. 14 B 34232, EOD 1. An order for relief was entered in Concepts' bankruptcy case on November 18, 2014. (*Id.* at EOD 11).

Creditors elected Brian Audette as the Chapter 7 trustee in Concepts' bankruptcy case. (*Id.* at EOD 37). He filed an adversary complaint against Greenfield and numerous other defendants, including the Greenfield Entities and RSP Defendants (the "Trustee's Complaint"). (*Id.* at EOD 98). Several counts of the complaint are based on the theory that Greenfield was involved in and carried out a scheme to defraud creditors and transfer assets.

The Trustee's Complaint alleges that several entities related to Greenfield and Concepts began to default on leases that Concepts had guaranteed. *Audette v. Kasemir*, 16 A 691, EOD 237 at ¶ 110.

During this same time period, RSP Defendants recommended that five of Greenfield's most successful restaurants be transferred away from Concepts. The objective was to shield those restaurants from creditors in the event of a Concepts bankruptcy case. (Amended Complaint at ¶¶ 12 - 14).

RSP Defendants advised Greenfield to create two new subsidiaries, Concepts Restaurant Holding, LLC ("Holding") and Concepts Restaurant Management, LLC ("Concepts RM"). He would then transfer 100% of the stock of those five successful restaurants from Concepts to these new entities. The new subsidiaries would furnish no consideration for the transfer. Although Concepts remained a 100% member of Holding, Greenfield claims to own 50% of Concepts RM. (Amended Complaint at ¶ 13).

RSP Defendants structured the new operating agreements for Holding and Concepts RM in a manner such that a Concepts bankruptcy would allow for dissociation by the new

3

subsidiaries from Concepts. In other words, if Concepts became a debtor under the Bankruptcy Code, ownership and control of the successful restaurants would be taken away from it (the "Subsidiary Transfer"). (Amended Complaint at ¶ 14).

Greenfield followed RSP Defendants' advice regarding the formation of Holdings and Concepts RM and the transfer of Concepts' interest in the restaurants. RSP Defendants did not tell Greenfield that he could be personally liable for fraudulent transfers in the event Concepts filed for bankruptcy. (Amended Complaint at ¶ 14).

RSP Defendants had knowledge of Concepts' solvency. The Subsidiary Transfer occurred at a time when it appeared Concepts was insolvent. RSP Defendants did not advise Greenfield that the Subsidiary Transfer could expose him to personal liability in the event Concepts could not pay its creditors. (Amended Complaint at ¶¶ 16 and 18). Neither did the firm advise Greenfield that Concepts' insolvency triggered a fiduciary duty to creditors by virtue of his status as an officer. (Amended Complaint at ¶ 18).

On March 29, 2013, RSP Defendants attempted to memorialize its advice regarding the Subsidiary Transfer in a memorandum to Greenfield (the "March 29 Memorandum") titled, "Strategic Plan to Maximize Value of Concepts America, Inc." (Amended Complaint at ¶ 19 and Ex. 1).

RSP Defendants continued to represent and advise Plaintiffs during Concepts' bankruptcy case. At no time did the firm disclose that its conduct could have caused an injury to Plaintiffs or might subject the Plaintiffs to an adversary proceeding in the bankruptcy case. (Amended Complaint at ¶ 21).

Greenfield followed RSP Defendants' advice when he took the actions described in the Trustee's Complaint, including the allegations that he and the Greenfield Entities were involved in the improper or fraudulent transfer of assets. (Amended Complaint at ¶ 23).

The Trustee filed his adversary complaint on November 17, 2016, and its filing was the first the Plaintiffs knew that RSP Defendants' advice wrongfully caused Plaintiffs' injury. (Amended Complaint at ¶ 25).

Greenfield and the Greenfield Entities reached a compromise with the Trustee regarding the Trustee's Complaint. Plaintiffs, along with some of the other defendants to the Trustee's Complaint, agreed to pay the total sum of $1,325,000. *Concepts America*, Case No. 14 B 34232, EOD 181. (Amended Complaint at ¶ 26). Plaintiffs also owe professional fees. (Amended Complaint at ¶ 24).

## II. DISCUSSION

RSP Defendants move to dismiss this complaint pursuant to Fed. R. Bankr. P. 7012(b), which incorporates Fed. R. Civ. P. 12(b)(6). Defendants argue that the complaint fails to state a claim upon which relief may be granted.

### A. Standards for Reviewing Complaints and Motions to Dismiss

Fed. R. Civ. P. 8, made applicable in adversary proceedings pursuant to Fed. R. Bankr. P. 7008, provides guidance for plaintiffs regarding the requirements for stating a claim.

> **(a) Claim for Relief.** A pleading that states a claim for relief must contain:
>
> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

This pleading standard does not require detailed allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79.

As the Seventh Circuit instructs:

> In evaluating the sufficiency of the complaint, we construe it in the light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in [the nonmoving party's] favor. Although a party need not plead detailed factual allegations to survive a motion to dismiss, mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Instead, [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.

*Berger, et al. v. National Collegiate Athletic Association, et al.*, 843 F. 3rd 285, 289-90 (7th Cir. 2016) (citations and quotations omitted). Although well-pleaded facts are viewed in a plaintiff's favor, allegations that are no more than conclusions are not presumed to be true for purposes of deciding this motion to dismiss.

### B. The Complaint: Legal Malpractice

The complaint contains a single count for legal malpractice. Plaintiffs seek a finding that they had an attorney/client relationship with RSP Defendants, that RSP Defendants owed them a duty of care, and that it breached that duty in the following ways:

-- advising Greenfield to "restructure" operations so that successor entities and Plaintiffs were subjected to claims of fraud and fraudulent transfer, (Amended Complaint at ¶ 28(a));

-- failing to advise Greenfield that as a Concepts officer he may owe a fiduciary duty to creditors once Concepts became insolvent, (Amended Complaint at ¶ 28(b));

-- advising Greenfield to execute documentation that would allow the Trustee to transfer and/or obtain ownership rights in Townhouse and Grillroom, (Amended Complaint at ¶ 28(c));

-- continuing to represent Plaintiffs when the allegations of fraud and fraudulent transfer were made by creditors against Greenfield, (Amended Complaint at ¶ 28(d));

-- advising Plaintiffs to form additional subsidiaries and transfer Concepts' interest in solvent restaurants while Concepts was insolvent, (Amended Complaint at ¶ 28(e)); and

-- failing to properly advise Greenfield of the conflict of interest and his right to independent counsel, (Amended Complaint at ¶ 28(f)).

To prevail on a legal malpractice claim, "a plaintiff must plead and prove that (1) the defendant attorneys owed the plaintiff a duty of due care arising from the attorney-client relationship; (2) the defendants breached that duty; and (3) as a direct and proximate result of that breach, the plaintiff suffered injury." *Stevens v. McGuireWoods LLP*, 43 N.E. 3rd 923, 927 (Ill. 2015) (citation omitted). *See also Mihailovich v. Laatsch*, 359 F. 3rd 892, 904-05 (7th Cir.), *cert. denied*, 543 U.S. 926 (2004). Plaintiffs seek a finding that they had an attorney/client relationship with RSP Defendants, the firm owed them a duty of care, and it breached that duty. Plaintiffs allege that as a direct result of that breach, they sustained damages.

### C. RSP Defendants' Motion to Dismiss

In their motion to dismiss, RSP Defendants allege that this complaint fails to state a claim upon which relief can be granted for several reasons: (1) Greenfield did not have an attorney-client relationship with RSP Defendants; (2) the cause of action belongs solely to Brian Audette, the Concepts trustee; (3) Greenfield cannot assert that he was unaware of his fiduciary obligations once Concepts became insolvent; (4) RSP Defendants did not have a duty to advise Greenfield on his fiduciary obligations; (5) an alleged violation of professional ethics does not

give rise to a cause of action under Illinois law; and (6) Plaintiffs cannot plead actual damages proximately caused by RSP Defendants' alleged negligence.[1]

The court will address each of these arguments in turn.

1. **The complaint alleges an attorney-client relationship between RSP Defendants and Greenfield, and the malpractice action may not belong exclusively to the Concepts trustee**.

RSP Defendants' first argument is that the complaint fails to state a claim because there was no attorney-client relationship between itself and Greenfield with respect to the Subsidiary Transfer. This overlaps with RSP Defendants' second argument, that any cause of action for legal malpractice arising from the Subsidiary Transfer belongs to the Concepts trustee, who stepped into Concepts' shoes.

One of the elements a plaintiff must prove in order to prevail in a legal malpractice action is the existence of an attorney-client relationship between the plaintiff and the defendant.[2] *See Griffin v. Goldenhersh*, 752 N.E. 2nd 1232, 1238 (Ill App. Ct. 2001). RSP Defendants argues that Greenfield's relationship with Harp and the firm was through their representation of corporate entities in which Greenfield had an ownership interest. Therefore, no attorney-client relationship existed between Greenfield and RSP Defendants regarding the Subsidiary Transfer, and he cannot maintain a malpractice action based on it.

---

[1] RSP Defendants also argued that Greenfield could not assert in paragraph 28(c) that the firm breached its duty by failing to protect his ownership interests in Grillroom and Townhouse, because Concepts had the legal ownership rights to those restaurants. In their response, Plaintiffs agree with this argument and ask that "the dismissal of ¶ 28(c) be without prejudice to refiling that claim. . .". That subparagraph is not pled as an independent claim for relief that can be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Instead, the court will strike paragraph 28(c) as immaterial, pursuant to Fed. R. Civ. P. 12(f). The court need not grant leave to refile. If Plaintiffs later decide to present evidence on this issue, the court may permit the pleadings to be amended at that time or, if the evidence is taken without objection, simply treat the issue as if it were raised in the pleadings. Fed. R. Civ. P. 15(b).

[2] An exception not relevant here is if the attorney was hired for the primary purpose of benefiting or influencing a third party. In that situation, the third party may maintain a malpractice action even though there is no privity between it and the lawyer. *See Pelham v. Griesheimer*, 440 N.E. 2nd 96, 100 (Ill. 1982).

In support of its argument, RSP Defendants direct the court to *Reynolds v. Henderson & Lyman*, 903 F. 3rd 693 (7th Cir. 2018). Brian Reynolds brought a malpractice action, alleging that a law firm gave negligent advice to limited liability companies he co-owned and managed. The Circuit affirmed the District Court's grant of summary judgment for the law firm because Reynolds "did not have a personal attorney-client relationship with" it. *Id.* at 695.

In that case, however, Reynolds admitted that he never asked the law firm to represent him, and the law firm "never said anything that suggested it thought it was representing him. In other words, the parties never entered into any agreement that would have created an attorney-client relationship between them. [The law firm] did have an attorney-client relationship with the LLCs that Reynolds co-owned and managed, but that is different." *Id.*

By contrast, Plaintiffs allege in the Amended Complaint that they retained RSP Defendants to advise Greenfield, individually, and the Greenfield Entities regarding corporate structure, creditors and leases, as well as litigation matters. The firm litigated on behalf of Greenfield from 2012 through 2014 and advised him on individual liability. In this very motion to dismiss, RSP Defendants state at paragraph 2 that it "represented the Debtor Concepts America, Inc. in various matters, as well as Roger Greenfield in certain matters."

Unlike *Reynolds*, which decided a summary judgment motion, this court is reviewing a motion to dismiss. Plaintiffs need only allege sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. In light of the allegation that Greenfield retained RSP Defendants to advise him regarding various issues, *including corporate structure*, the court cannot dismiss the malpractice complaint on the grounds that there was no attorney-client relationship regarding the Subsidiary Transfer.

9

Discovery may reveal that RSP Defendants did not represent Greenfield individually with regard to the Subsidiary Transfer. If such evidence is adduced at trial or presented on summary judgment, the court may conclude that the malpractice claims regarding the Subsidiary Transfer belong only to the Concepts trustee. Alternatively, it may become clear that Concepts did not retain RSP Defendants with respect to the Subsidiary Transfer, and the cause of action belongs to Greenfield. Indeed, the evidence might show that both Greenfield and Concepts were RSP Defendants' clients regarding the Subsidiary Transfer. *See Goldfarb Corp. v. Much, Shelist, Freed, Denenberg Ament & Rubenstein, P.C.*, 2016 WL 3019426, * 21 (Il. App. Ct. May 25, 2016) ("Dual representation can and does occur, despite apparent conflicts."). At this time, however, Greenfield alleged sufficient factual matter to state a claim to relief that is plausible on its face.

2. **The complaint does not contain sufficient allegations to support the claim that Greenfield retained RSP Defendants to advise him as to his fiduciary duties once Concepts became insolvent.**

Paragraph 28(b) of the Amended Complaint alleges that RSP Defendants breached its duty to Greenfield by failing to advise him that as an officer of Concepts, he may owe a fiduciary duty to creditors once Concepts became insolvent.

RSP Defendants argue first that Greenfield did not allege that he retained the firm to advise him of his fiduciary obligations. Secondly, the firm asserts that Greenfield should have known about those duties because: (1) he is a sophisticated restaurant operator; (2) Concepts had a general counsel, Rachel Dennis; and (3) Greenfield was previously sued for breach of fiduciary duty. *The Chapter 7 Bankruptcy Estate of Restaurant Development Group, Inc. v. Greenfield, et al.*, 07 A 937. In order to find that Greenfield knew of his fiduciary duties from prior litigation, RSP Defendants invite this court to take judicial notice of *Restaurant Development Group.*

10

The court will take up the second argument first. RSP Defendants cite no authority for the proposition that a sophisticated businessperson should be aware of their fiduciary duties without the need for legal advice. Neither does it provide support for the theory that a lawyer need not give the legal advice for which a client retained him because that client is experienced in business or was a defendant in a similar lawsuit. Instead, RSP Defendants cite *Keef v. Widuch*, 747 N.E. 2nd 992, 998 (Il. App. Ct. 2001), presumably asking the court to reason backward from *Keef's* statement "that the typical injured worker is uninformed about the possibility of a third-party action" and relies on his attorney.

RSP Defendants' second argument is not correct. When RSP Defendants assert that experienced businesspeople do not need legal advice to be aware of the full scope of their fiduciary duties, RSP Defendants are essentially stating that legal advice is unnecessary and redundant. Should the court conclude that an attorney commits no malpractice in failing to give legal advice when the client "should have known better?"

Even if the court did find this argument persuasive, RSP Defendants ask the court to take judicial notice of a prior bankruptcy case without highlighting a document or ruling. The court declines the invitation to comb through the docket of either *In re Restaurant Development, Inc.* or *Restaurant Development Group v. Greenfield* for a relevant fact of which it could take judicial notice, or to assume that Greenfield's previous lawyers gave him advice on his fiduciary duties that he should have remembered several years later.

But RSP Defendants' first argument has merit. "An attorney's duty to a client is measured by the representation sought by the client and the scope of the authority conferred." *Simon v. Wilson*, 684 N.E. 2nd 791, 801 (Il. App. Ct. 1997) (citation omitted). *See Oakland Police & Fire Ret. Sys. v. Mayer Brown, LLP*, 861 F. 3rd 644, 651 (7th Cir. 2017). Without an

11

allegation in the complaint that Greenfield retained RSP Defendants to advise him on his fiduciary duties, the complaint fails to state a claim the firm owed Greenfield a duty to do so.

The complaint alleges only that Plaintiffs retained RSP Defendants to advise Greenfield, individually, and the Greenfield Entities regarding corporate structure, creditors and leases, as well as litigation matters. While this statement was sufficient to allege representation regarding the Subsidiary Transfer, it does not support a claim to relief based on failure to advise Greenfield regarding his fiduciary duties. The complaint alleges that RSP Defendants did not advise Greenfield that he could face personal liability to Concepts' creditors if Concepts was insolvent when the transfers were made. That allegation is irrelevant if corporate governance advice was not within the scope of RSP Defendants' retention.

If Plaintiffs wish to allege that RSP Defendants breached its duty of care by failing to advise Greenfield of his fiduciary duties as Concepts approached insolvency, they must amend their complaint regarding the scope of RSP Defendants' retention.

3. **The complaint does not contain sufficient allegations to support the claim that that RSP Defendants breached fiduciary duties by continuing to represent Plaintiffs and not advising of their alleged wrongdoing.**

Plaintiffs allege that RSP Defendants continued to represent and advise them during the bankruptcy case without disclosing that the firm's conduct caused an injury or would result in Plaintiffs being sued by the Concepts trustee. Plaintiffs also allege that the firm breached its fiduciary duty by failing to properly advise of a conflict of interest and of Greenfield's right to independent counsel, and by continuing to represent them when creditors alleged fraudulent transfers.

RSP Defendants argue that there is no authority to support the proposition that an attorney has a duty to advise its client of his own alleged malpractice. *See Fitch v. McDermott, Will and Emery, LLP*, 929 N.E. 2nd 1167, 1184 (Il. App. Ct. 2010) (court found "no case that

12

would require an attorney to affirmatively advise his client of his negligence and the statute of limitations for suing him").

In response, Plaintiffs argue themselves out of a claim:

> Plaintiffs are not alleging that Defendants had a duty to "advise Greenfield of their 'alleged wrongdoing'" as was rejected in *Fitch v. McDermott*, 929 N.E.2d 1167 (2nd Dist. 2010). (See 19-00023 – Dkt. 69, at pg. 11). Instead, these allegations clearly invoke Defendants' obligations under Illinois Rules of Professional Conduct Rule 1.4(b), to provide necessary information to a client, and Rule 1.7(b), to obtain informed consent when the lawyer's personal interests pose a significant risk of materially limiting the representation. Perhaps recognizing this, Defendants shift their argument to suggest that the Amended Complaint does not causally relate any damages to these accusations. However, ¶¶ 29 - 31 of the Amended Complaint clearly assert that Defendants' failings under these Rules proximately caused unnecessary defense/professional fees in the Adversary Case and seeks disgorgement of those fees from Defendants. Moreover, had Defendants met their obligations under these Rules, their advice regarding the "Exercise of Rights Document" in November of 2014 could have been evaluated, and rejected, by independent counsel. (See 19-00023 – Dkt. 60, at ¶¶ 21 and 23). Accordingly, Defendants' second basis for dismissal under Rule 12(b)(6) also fails.

(Response at 7).

Plaintiff's focus on the Illinois Rules of Professional Conduct is fatal. "[A] violation of the Rules in and of itself does not establish liability in a legal malpractice case, and there is a difference between having a 'duty' to do something under the Rules and determining just what that 'something' – i.e., the standard of care – encompasses." *Ball v. Kotter*, 723 F. 3rd 813, 823 (7th Cir. 2013) (citations omitted). The Illinois Rules of Professional Conduct may be relevant to determining the standard of care, but they "do not create private rights of action." *Signal Financial Holdings LLC v. Looking Glass Financial LLC*, 2019 WL 6467323, *4 (N.D. Ill. Dec. 2, 2019).

In their response and reply, the parties engage in a dispute over whether RSP Defendants' advice to Greenfield to effectuate another component of the Subsidiary Transfer, the "Exercise of Rights Document," constituted a breach of the firm's duty of care or caused any damages. As

the court quoted above from Plaintiffs' response, "had Defendants met their obligations under [the Illinois Rules of Professional Conduct], their advice regarding the 'Exercise of Rights Document' in November of 2014 could have been evaluated, and rejected, by independent counsel." RSP Defendants reject the argument that their advice regarding the "Exercise of Rights Document" caused any damages, "because the advice, in itself, was not the basis for the Trustee's recovery of the $659,363.76 in the Adversary Proceedings – it was the Trustee's allegations of Plaintiff Greenfield's subsequent actions in diverting money away from Concepts to his own benefit." (Reply at 12).

It is not possible for the court to evaluate the parties' arguments on this point, because the first mention of the "Exercise of Rights Document" is in Plaintiffs' response, not this complaint. There are no allegations in the complaint for the court to review in order to decide whether advising Greenfield to effectuate the "Exercise of Rights Document" supports a claim that RSP Defendants breached its duty of care to Plaintiffs.

If Plaintiffs wish to allege that RSP Defendants breached its duty of care by failing to provide necessary information and to obtain informed consent, Plaintiffs must amend their complaint to allege sufficient factual matter, accepted as true, to state a claim to relief. Allegations in a brief are not incorporated into the complaint.

### 4. Plaintiffs sufficiently pled actual damages proximately caused by RSP Defendants' alleged breaches of the duty of care.

Damages are a required element of a legal malpractice claim. "Even if negligence on the part of the attorney is established, no action will lie against the attorney unless that negligence proximately caused damage to the client. The existence of actual damages is therefore essential to a viable cause of action for legal malpractice." *Northern Illinois Emergency Physicians v. Landau, Omahana & Kopka, Ltd.*, 837 N.E. 2nd 99, 107 (Ill. 2005) (citations omitted).

Proximate cause is also an integral component of a claim for malpractice. "Plaintiff is required to establish that but for the negligence of counsel, he would have successfully prosecuted or defended against the claim in the underlying suit." *Ignarski v. Norbut*, 648 N.E. 2nd 285, 288 (Il. App. Ct. 1995). *See Stevens v. Sharif*, 2019 WL 4862171, *2 (N.D. Ill. Sept. 30, 2019), *appeal filed*, 19-3149 (7th Cir. Oct. 29, 2019). Damages are not presumed in a legal malpractice action.

RSP Defendants argue that Plaintiffs' complaint fails to allege that they would not have incurred costs to defend the Trustee's Complaint or paid to settle with the Concepts trustee "but for" RSP Defendants' actions. This is because "the Trustee has alleged numerous bases for liability independent of any claims against RSP Defendants." (Memorandum in Support at 14). Moreover, many of the allegations in the Trustee's Complaint concern actions taken prior to November 16, 2012, which is the end of the six-year lookback period for a malpractice complaint filed on November 16, 2018. *See 735 ILCS 5/13-214.3(c) (West 2020)*.

In response, Plaintiffs argue that proximate cause is a fact-laden issue and should be decided by a trier of fact. *See Abrams v. City of Chicago*, 811 N.E. 2nd 670, 674 (Ill. 2004) ("Proximate cause is generally an issue of material fact in a negligence case."). While the Trustee's Complaint contains numerous allegations against Greenfield, at this stage of the adversary proceeding it is impossible to determine what portion of their defense costs and the settlement are attributable to RSP Defendants' alleged malpractice.

In their attempt to refute Plaintiffs' contention that it is speculative whether Greenfield would have been sued by the trustee even if he had not acted on RSP Defendants' advice, the Defendants undercut their own argument.

> This Court may take judicial notice that the claims brought by the Trustee against Greenfield and his entities unequivocally demonstrate that Greenfield would have

15

> been sued without these allegations regarding Defendants' legal representation. *On the claims involving the "Subsidiary Transfer" and "Exercise of Rights Document," the Adversary Complaint sought recovery of $659,363.76 in payments allegedly subsequently diverted by Roger Greenfield and Ted Kasemir from Grillroom and Townhouse.* In contrast, on the claims against Greenfield unrelated to Defendants' representation, the Trustee alleged theories seeking recovery of millions of dollars on behalf of landlord creditors, including allegations that Greenfield induced the landlords to accept Concepts as a guarantor based upon fraudulent Consolidated Financials resulting in their $9 million proof of claims and allegations that Greenfield diverted millions of dollars from Concepts for his own benefit. The Trustee also alleged Alter Ego theories against the Greenfield entities named in the legal malpractice complaint, seeking to pierce the corporate veil of the entities based upon their commingling of millions of dollars of funds and seeking to recover their assets to satisfy the creditor claims.

(Reply at 3 (citations omitted) (emphasis added)).

Clearly the recovery sought by the Trustee on other claims dwarfs the recovery sought for Greenfield's actions regarding the Subsidiary Transfer. But in the italicized portion of this excerpt, RSP Defendants admit that part of the Trustee's Complaint is based on actions Greenfield took while acting on the advice of his attorneys. The Plaintiffs need not show that all the claims brought by the Trustee against the Greenfield Entities were the result of RSP Defendants' allegedly negligent legal advice. So long as claims exist that would not have been brought "but for" RSP Defendants' representation, this complaint survives a motion to dismiss. It is a question of fact as to how much of Greenfield's defense costs and settlement liability are attributable to those actions. Questions of fact are not addressed by a motion to dismiss. That issue can be resolved by the evidence adduced at trial.

RSP Defendants further argue in reply that where there is only the possibility of harm, actual damages are absent. It posits that "unless and until a bankruptcy court ruled that Greenfield had to pay a judgment based upon these Defendants' advice," actual damages had not been incurred. (Reply at 5). Therefore, Greenfield has not sufficiently pled this element of a legal malpractice.

For this proposition, RSP Defendants cite *Lucey v. Law Offices of Pretzel and Stouffer, Chtd.*, 703 N.E. 2nd 473 (Il. App. Ct. 1998). In *Lucey*, however, there remained the possibility that the legal malpractice plaintiff would prevail in the underlying action. There is no such possibility here. Greenfield and the Greenfield Entities settled with the Trustee, foreclosing the possibility that they would defeat the Trustee's claims. *See Lucey*, 703 N.E. 2nd at 478 ("damages are entirely speculative until a judgment is entered against the former client *or he is forced to settle*") (emphasis added).

RSP Defendants' theory would have the court hold that no matter how strong a malpractice plaintiff's position is in the underlying "case within a case," any settlement vitiates that client's ability to bring a malpractice action. If the matter is settled for even one dollar less than the damages pled, no damages have been incurred for purposes of a legal malpractice claim because "there has been no court ruling that these Defendants' advice to Plaintiffs was improper." (Reply at 7).

This theory is not valid. Plaintiffs' damages have been fixed at a maximum amount; the dollar amount of the settlement. RSP Defendants may seek to prove that only a small amount – or none – of that settlement is attributable to the claims in the Trustee's Complaint that are based on RSP Defendants' advice. That proof, however, must wait for trial. This proceeding is only at the motion to dismiss stage. Plaintiffs need only plead sufficient facts for the court to infer that it is plausible they will present a viable cause of action. Since Plaintiffs settled with the Trustee, they suffered damages. It is plausible for the court to infer that at least some of those damages are attributable to the claims based on Greenfield's actions in reliance on RSP Defendants' advice.

17

### III. CONCLUSION

For the reasons stated above, the motion to dismiss is denied. Plaintiff is given leave to amend the complaint as described herein. Any amended complaint must contain a statement that the Plaintiffs do or do not consent to entry of final orders or judgment by the bankruptcy court as required by Fed. R. Bankr. P. 7008.

Date: August 17, 2020

DAVID D. CLEARY
United States Bankruptcy Judge